UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE

2003 DEC -8  A 11: 38

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| RAYTHEON COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA.,<br><br>Defendant. | CIVIL ACTION NO.<br>1:03-CV-12300-RCL |

## RAYTHEON COMPANY'S MOTION FOR PRELIMINARY INJUNCTION

Pursuant to Fed. R. Civ. P. 65, Plaintiff, Raytheon Company, ("Raytheon") respectfully moves the Court for a preliminary injunction against Defendant, National Union Fire Insurance Company of Pittsburgh, PA, ("National Union"). Raytheon requests this Court to preliminarily enjoin National Union from pursuing the Demand for Arbitration, dated October 31, 2003, attached to Raytheon's Memorandum of Law in support of this motion as Exhibit "A." National Union should not be permitted to arbitrate its claims for damages because National Union already has received full payment of the amount claimed by drawing upon Raytheon's letter of credit, which is a subject of Raytheon's Compliant in this lawsuit. National Union also should be enjoined from pursuing a claim in arbitration for "declaratory relief" because that claim improperly seeks to preempt Raytheon from pursuing rights, as an insured under Massachusetts law that Raytheon did not agree to arbitrate.

ATLLIB01 1624890.1

-2-

As more fully detailed in its supporting Memorandum of Law and accompanying affidavits, principles of equity favor issuance of a preliminary injunction because Raytheon is likely to succeed on the merits of its claims and will be irreparably harmed if National Union is allowed to proceed with its Demand for Arbitration. The Demand for Arbitration seeks to arbitrate issues of fact and law that Raytheon did not agree to arbitrate; and if the arbitration proceeds, Raytheon will be denied meaningful relief for National Union's violations of the laws of Massachusetts prohibiting the unfair insurance claim settlement practices alleged in this case. Furthermore, an injunction prohibiting arbitration pending disposition of this case will promote Massachusetts' public policy and ensure compliance by National Union with Massachusetts laws governing the policies of insurance National Union issued in Massachusetts to Raytheon, a company headquartered in Massachusetts.

This motion for preliminary injunctive relief is supported by the accompanying documents: (1) Raytheon's Complaint; (2) Memorandum of Law in Support of Raytheon's Motion for Preliminary Injunction; (3) Affidavit of Matthew P. Lupa; (4) Affidavit of Eric Eckilson.

## REQUEST FOR ORAL ARGUMENT

Raytheon requests oral argument on this motion.

Respectfully submitted,

RAYTHEON COMPANY

By: *William T. Hogan III*

William T. Hogan, III (BBO No. 237710)
Elizabeth D. Killeen (BBO No. 645178)
Hogan, Roache & Malone
66 Long Wharf
Boston, MA 02110
(617) 367-0330

Of Counsel:

Edmund M. Kneisel, Esq. (Ga. Bar No. 425350)
Brent W. Brougher, Esq.(Ga. Bar No. 086373)
Kilpatrick Stockton LLP
1100 Peachtree Street
Suite 2800
Atlanta, GA 30309

Attorneys for Plaintiff Raytheon Company
Dated: December 8, 2003

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1(A)(2)

I hereby certify that prior to filing this motion, counsel for Raytheon Company conferred with counsel for National Union Insurance Company of Pittsburg, PA regarding the subject matter of this motion. Counsel were unable to resolve or narrow the issues raised within this motion. Therefore, we file this motion with the Court for resolution of the issues contained herein.

*William T. Hogan III*
William T. Hogan III

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for the defendant via First Class U.S. Mail postage pre-paid on December 8, 2003.

*William T. Hogan III*
William T. Hogan III