UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RAYTHEON COMPANY,<br>    Plaintiff,<br><br>v.<br><br>NATIONAL UNION FIRE INSURANCE<br>COMPANY OF PITTSBURGH, PA<br>    Defendant. | CIVL ACTION NO.<br>03CV12300RCL |

## MOTION OF THE DEFENDANT, NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, TO TRANSFER THIS ACTION TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK PURSUANT TO 28 U.S.C. § 1404(a), OR IN THE ALTERNATIVE, TO (1) EXTEND THE TIME FOR NATIONAL UNION TO RESPOND TO RAYTHEON COMPANY'S COMPLAINT AND MOTION FOR PRELIMINARY INJUNCTION, (2) STAY THIS ACTION PENDING ARBITRATION, OR (3) DISMISS RAYTHEON COMPANY'S COMPLAINT

The defendant, National Union Fire Insurance Company of Pittsburgh, PA ("National Union"), respectfully moves that this Court transfer this action to the United States District Court for the Southern District of New York ("New York Federal Court") pursuant to 28 U.S.C. § 1404(a) where National Union's motion to compel arbitration is pending before the Honorable Judge Shira Scheindlin. The grounds for this Motion are as follows:

1. Judicial and litigant economy require that this action be transferred to the New York Federal Court, the same court where Raytheon filed a complaint only two days after filing its complaint in this proceeding.

This is also the same court where National Union's motion to compel arbitration of the same issues involved in this lawsuit is pending.

2. While this action is at a very early stage – no answer has been filed, no conferences have been scheduled, and no judicial resources have been expended in this Court – numerous pleadings have been filed in the New York Federal Court, and the Honorable Judge Shira Scheindlin has already invested considerable amounts of time in the related action filed by Raytheon in the New York Federal Court.

3. Raytheon and National Union agreed that disputes "arising about the [Payment Agreement] or any transaction related to it" be submitted to arbitration in the State of New York. See Exhibit "A" of Exhibit "A" to Raytheon Company's Motion for Preliminary Injunction, p. 10.

4. This action should also be transferred to the New York Federal Court because the dispute between National Union and Raytheon has a greater nexus to the State of New York than the Commonwealth of Massachusetts.

In the alternative, if this relief is not granted, National Union respectfully requests that this action be stayed pending Judge Scheindlin's ruling in the action filed by Raytheon in the New York Federal Court. National Union further requests an extension of time of up to fourteen (14) days following her ruling to respond to Raytheon's Complaint and Motion for Preliminary Injunction.

In the alternative, National Union requests that this Court enforce the parties' written agreement to arbitrate by staying this action pursuant to 9 U.S.C. § 3 pending the arbitration of the parties in New York. The grounds for this Motion are as follows:

1. All of Raytheon's claims in this dispute are arbitrable, including Raytheon's claim made pursuant to M.G.L. ch. 93A.

2. In fact, Massachusetts courts have consistently held that claims made pursuant to M.G.L. ch. 93A are arbitrable. Drywall Systems, Inc. v. ZVI Construction Co., Inc., 435 Mass. 664, 667 (2002) (a broad arbitration clause, such as the one seen here, includes statutory claims under M.G.L. ch. 93A, § 11.); see also Netnumina Solutions, Inc. v. DietRehab.com, Inc., 2001 WL 455842 at * 7-9 (D.Mass.); Bowlby v. Carter Manufacturing Corp., 138 F.Supp.2d 182, 188-189 (D.Mass. 2001).

3. Section 3 of the FAA provides for the mandatory stay of an action brought in a court where that action involves an issue intended by the parties to be resolved through arbitration. See 9 U.S.C. § 3.

4. To the extent, however, that any portion of this action is non-arbitrable, courts have discretion to stay the remaining non-arbitrable parts of the action. Baggesen v. American Skandia Life Assur. Corp., 235 F.Supp.2d 30, 33 (D.Mass. 2002) ("Where a case involves both arbitrable and non-arbitrable claims, whether the non-arbitrable claims

should be stayed pending resolution of the arbitrable claims is generally discretionary with the court").

Finally, in the alternative, National Union requests that this Court dismiss Raytheon's Complaint and deny Raytheon's Motion for Preliminary Injunction. In addition to the reasons set forth in the attached memorandum of law, National Union incorporates its arguments as set forth in its Motion to Compel Arbitration in the New York Federal Court Pursuant to 9 U.S.C. § 4 and its Reply Memorandum in Support of its Motion to Compel Arbitration. See Exhibits "2" and "4."

Pursuant to Local Rule 7.1(B)(1), a Memorandum of Law with citations to supporting authorities is attached hereto and incorporated herein.

WHEREFORE, the defendant, National Union Fire Insurance Company of Pittsburgh, PA, requests that this Honorable Court:

    A.    Grant the Motion of the defendant, National Union Fire Insurance Company of Pittsburgh, PA's, to Transfer this Action to the United States District Court for the Southern District of New York; or, in the alternative,

    B.    Stay this action pending Judge Scheindlin's ruling and extend the time for National Union to respond to Raytheon's Complaint and Motion for Preliminary Injunction for up to fourteen (14) days following her ruling; or, in the alternative,

    C.    Stay this action pursuant to Section 3 of the Federal Arbitration Act; or, in the alternative,

D.  Dismiss the Plaintiff's Complaint and Deny the Plaintiff's Motion for Preliminary Injunction; and

E.  Grant such other and further relief as this Court deems fair and just.

**REQUEST FOR ORAL ARGUMENT**

National Union requests oral argument on this motion.

> The Defendant,
> National Union Fire Insurance
>   Company of Pittsburgh, PA,
> By its attorneys,
>
> _____
> James J. Duane, III
> B.B.O. #136500
> Eric M. Chodkowski
> B.B.O. #648629
> TAYLOR, DUANE, BARTON
>   & GILMAN, LLP
> 111 Devonshire Street
> Boston, MA 02109
> (617) 654-8200
> FAX (617) 482-5350
>
> Of counsel:
> ZEICHNER ELLMAN & KRAUSE LLP
> Michael S. Davis
> Anthony I. Giacobbe, Jr.
> 575 Lexington Avenue
> New York, New York 10022
> (212) 223-0400
> FAX: (212) 753-0396

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1(A)(2) AND CERTIFICATION OF SERVICE

I hereby certify that prior to filing this motion, I conferred with William Hogan, counsel for Raytheon, regarding the subject matter of this motion. We were unable to resolve or narrow the issues raised within this motion. Therefore, we file this motion with the Court for resolution of the issues contained herein. I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail on January 6, 2004.

_____
Eric M. Chodkowski