UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RAYTHEON COMPANY,<br>Plaintiff,<br><br>v.<br><br>NATIONAL UNION FIRE INSURANCE<br>COMPANY OF PITTSBURGH, PA<br>Defendant. | ) <br>) <br>) CIVIL ACTION NO.<br>) 03CV12300RCL<br>) <br>) <br>) <br>) <br>) |

**MOTION OF THE DEFENDANT, NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, FOR LEAVE OF COURT TO FILE THE OPINION AND ORDER OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK GRANTING NATIONAL UNION'S MOTION TO COMPEL ARBITRATION AS A SUPPLEMENT TO NATIONAL UNION'S MOTION TO TRANSFER THIS ACTION TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK PURSUANT TO 28 U.S.C. § 1404(a), OR IN THE ALTERNATIVE, TO (1) EXTEND THE TIME FOR NATIONAL UNION TO RESPOND TO RAYTHEON COMPANY'S COMPLAINT AND MOTION FOR PRELIMINARY INJUNCTION; (2) STAY THIS ACTION PENDING ARBITRATION; OR (3) DISMISS RAYTHEON COMPANY'S COMPLAINT**

The defendant, National Union Fire Insurance Company of Pittsburgh, PA ("National Union"), requests leave of this Court pursuant to Local Rule 7.1(B)(3) to file the Opinion and Order of the United States District Court for the Southern District of New York ("New York Federal Court") as a supplement to its Motion to Transfer this Action to the New York Federal Court Pursuant to 28 U.S.C. § 1404(a), or in the alternative to (1) Extend the Time for National Union to Respond to Raytheon Company's Complaint and Motion for Preliminary Injunction; (2) Stay this Action Pending Arbitration; or (3) Dismiss Raytheon Company's Complaint. A copy of the New York Federal Court's Opinion and Order is attached hereto as Exhibit "A."

The Honorable Shira Scheindlin heard oral arguments relating to National Union's motion to compel arbitration filed in the New York Federal Court on December 30, 2003. On January 7, 2004, Judge Scheindlin issued a 27 page Opinion and Order granting National Union's motion to compel arbitration. See Exhibit "A." In summary, Judge Scheindlin ruled as follows:

1. "There is no reason to defer to the Massachusetts court in this action. Judicial efficiency mandates that the matter be decided at the <u>earliest</u> possible time. Raytheon filed in both courts, demonstrating its concern over whether the Massachusetts court has the power to grant the requested relief. In doing so, Raytheon essentially mooted the concept of deferring to <u>plaintiff's choice</u> of forum as it is the plaintiff in <u>both</u> actions. Finally, given this Court's conclusion that the arbitrators will decide the threshold issue of arbitrability, it is unlikely that either the Massachusetts court or this Court will address the issues raised in the underlying dispute." See Exhibit "A" at pp. 13-14.

2. "Contrary to Raytheon's contentions, several circumstances justify departure from the first-filed rule" in this case. See Exhibit "A" at pp. 15-17.

3. National Union demonstrated by "clear and unmistakable evidence" that the intent of the parties through the arbitration clause contained in the Payment Agreement was to submit to all disputes "aris[ing] about this agreement <u>or any transaction relat[ing] to</u> it to arbitration. See Exhibit "A" at pp. 17-26.

4.  "Moreover, the arbitration clause expressly delegates the issue of arbitrability to the arbitrators, specifically stating that '[t]he arbitrators ... will have exclusive jurisdiction over the entire matter in dispute <u>including any questions as to its arbitrability</u>." <u>See</u> Exhibit "A" at p. 20. Judge Scheindlin further held that the arbitrability of Raytheon's claim made pursuant to M.G.L. ch. 93A falls within the jurisdiction of the arbitrators. <u>See</u> Exhibit "A" at pp. 24-25.

5.  "The parties are directed to proceed to arbitration on the terms specified in the Payment Agreement." <u>See</u> Exhibit "A" at p. 27.

WHEREFORE, National Union submits Judge Scheindlin's Opinion and Order in support of its Motion to Transfer this Action to the United States District Court for the Southern District of New York Pursuant to 28 U.S.C. § 1404(A) and National Union's Motion to Dismiss Raytheon's Complaint. For the reasons contained in National Union's Motion and Judge Scheindlin's Opinion and Order, National Union submits that the matter is res judicata and requests that this Court transfer this action to the New York Federal Court and/or dismiss Raytheon's Complaint.

In the alternative, to the extent that this relief is not granted, National Union submits Judge Scheindlin's Opinion and Order in support of its Motion to Stay this Action Pending Arbitration. For the reasons contained in National Union's Motion and Judge Scheindlin's Opinion and Order, National Union requests that this Court stay this action now that arbitration has been compelled by Judge Scheindlin in the State of New York.

3

In addition, National Union contends that Judge Scheindlin's Opinion and Order has now mooted Raytheon Company's Motion for Preliminary Injunction, and, therefore, National Union requests that this Court deny Raytheon Company's Motion for Preliminary Injunction.

Finally, to the extent that this Court denies National Union all of the relief requested above, it requests an extension of time of fourteen (14) days to respond to Raytheon Company's Complaint and Motion for Preliminary Injunction.

> The Defendant
> National Union Fire Insurance Company
> of Pittsburgh, PA
> By its attorneys,
>
> /s/ signature
>
> James J. Duane, III
> B.B.O. #136500
> Eric M. Chodkowski
> B.B.O. #648629
> TAYLOR, DUANE, BARTON
>   & GILMAN, LLP
> 111 Devonshire Street
> Boston, MA 02109
> (617) 654-8200
> FAX (617) 482-5350

### CERTIFICATION PURSUANT TO LOCAL RULE 7.1(A)(2) AND CERTIFICATION OF SERVICE

I hereby certify that prior to filing this motion, I conferred with William Hogan, counsel for Raytheon, regarding the subject matter of this motion. We were unable to resolve or narrow the issues raised within this motion. Therefore, we file this motion with the Court for resolution of the issues contained herein. I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail on January 8, 2004.

/s/ signature
Eric M. Chodkowski

4